UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FOREST LEWIS, DEBORAH LEWIS,
KELLIE KRETCHMER, VICTOR BAKER,
JUDITH BAKER, ANTHONY GAGLIARDI and
JANE GAGLIARDI, *individually and as Parents of
Tyler Gagliardi, infant,* GREGORY RYDZA,
SUSAN RYDZA, ASHLEY RYDZA,
JEREMY RYDZA and JESSIE DIPIRRO*,*

                            Plaintiffs,

      v.                                        **DECISION AND ORDER**
                                              04-CV-331S

FMC CORPORATION,

                           Defendant.

       1.     On September 5, 2007, Defendant filed a Motion for Summary Judgment and

to Preclude Plaintiffs' Expert Witness (Docket No. 85) and Plaintiffs filed a Motion for

Partial Summary Judgment on liability (Docket No. 92).   Briefing on these motions is

complete.   Presently before this Court is Defendant's Motion to Strike Plaintiffs' Motion for

Partial Summary Judgment (Docket No. 135) and Motion to Strike Plaintiffs' Reply Papers

(Docket No. 144).   These motions are addressed below.

       2.     Defendant first seeks to strike Plaintiffs' Motion for Partial Summary

Judgment on the basis that the supporting submissions do not comply with this district's

Local Rules.   It is undisputed that Plaintiffs failed to file "a separate, short, and concise

statement of the material facts as to which the moving party contends there is no genuine

issue to be tried" as required by Local Rule 56.1(a).   In addition, Plaintiffs' 6-page

memorandum of law (Docket No. 98) violates the spirit of Local Rule 7.1(e) because it

contains no meaningful factual or legal argument.   See Local Rule 7.1(e) (requiring the

filing of a memorandum of law in support of a Motion for Summary Judgment).  Both of these failures are grounds for denial of Plaintiffs' motion.  See Local Rules 7.1(e) and 56.1(a).

3.     Defendant argues that Plaintiffs' failure to follow the Local Rules warrants denial of their motion and the striking of their motion papers.  This Court agrees.  Both Local Rules at issue — Rules 7.1(e) and 56.1(a) — explicitly warn that non-compliance constitutes grounds for denial.  And Plaintiffs' counsel should be especially familiar with this district's Local Rules because this Court has at least once before reminded him of his obligations.  See Lester v. M&M Knopf Auto Parts, No. 04-CV-850, 2006 WL 2806465, at *1 (W.D.N.Y. Sept. 28, 2006) (noting that the plaintiff's papers in opposition to the defendant's motion for summary judgment were stricken for failure to follow the local rules).  Finally, when presented the opportunity to respond to Defendant's Motion to Strike, Plaintiffs twice sought extensions of time to do so, and then ultimately filed an incomplete memorandum that fails to address the grounds for Defendant's Motions to Strike (Docket No. 153).  No explanation whatsoever is provided for Plaintiffs' failure to comply with the Local Rules.  Accordingly, this Court will deny Plaintiffs' Motion for Partial Summary Judgment (Docket No. 92) pursuant to Local Rules 7.1(e) and 56.1(a), grant Defendant's Motion to Strike (Docket No. 135), and direct the Clerk of the Court to strike Plaintiffs' submissions at docket numbers 92, 96, 97, and 98.

4.      Defendant's second Motion to Strike is directed at the submissions Plaintiffs filed on March 4, 2008, at docket numbers 141 (memorandum of law), 142 (82-page expert witness declaration), and 143 (exhibits to expert witness declaration).  This Court set March 4, 2008, as the deadline for any reply papers the parties wished to file in further support of their respective dispositive motions.  (See Docket No. 137.)  But Plaintiffs filed these documents as both their reply papers *and* in opposition to Defendant's Motion for Summary Judgment.   The later purpose is improper in light of Plaintiffs' initial opposition to Defendant's motion (Docket No. 131-134) and their failure to move for permission to file a sur-reply.  See Local Rule 56.1(e) ("Absent permission by the Court, sur-reply papers are not permitted.")  Defendants also argue that these papers are untimely and improperly introduce new issues at the conclusion of briefing.  They therefore request that these papers be stricken from the docket.

5.      Again this Court finds that Plaintiffs have failed to comply with the Local Rules and this Court's scheduling order.  Plaintiffs' response in opposition to Defendant's Motion for Summary Judgment was due on January 28, 2008 (Docket No. 124), and the papers filed at docket numbers 141-143 should have been filed then.  Consequently, these papers are untimely as opposition to Defendant's Motion for Summary Judgment and improper as a sur-reply because Plaintiffs neither sought nor received permission to file a sur-reply.  Nonetheless, striking all of these papers would leave Defendant's Motion for Summary Judgment essentially unopposed, which this Court finds is too drastic a sanction, especially since, as discussed, Plaintiffs' Motion for Summary Judgment will be denied and precluded.  Consequently, Defendant's Motion to Strike (Docket No. 144) will be granted in part and denied in part.  Plaintiffs are bound by the expert affidavit and exhibits that they

3

timely filed in opposition to Defendant's Motion for Summary Judgment (Docket Nos. 131-134).  The second expert affidavit and exhibits (Docket Nos. 142, 143), which are both untimely and an improper sur-reply, will be stricken.  But this Court will consider Plaintiffs' memorandum of law (Docket No. 141) in conjunction with docket numbers 131-134 as Plaintiffs' opposition to Defendant's Motion for Summary Judgment.  To cure any prejudice to Defendant, leave will be granted for Defendant to file a response to Plaintiffs' sur-reply memorandum.

IT HEREBY IS ORDERED, that Plaintiffs' Motion for Partial Summary Judgment (Docket No. 92) is DENIED with prejudice for failure to follow the Local Rules.

FURTHER, that Defendant's Motion to Strike (Docket No. 135) is GRANTED.  The Clerk of the Court is directed to strike the submissions at docket numbers 92, 96, 97, and 98.

FURTHER, that Defendant's Motion to Strike (Docket No. 144) is GRANTED in part and DENIED in part.  The Clerk of the Court is directed to strike the submissions at docket numbers 142 and 143.

FURTHER, that Defendant may file a response to Plaintiffs' Sur-Reply (Docket No. 141) on or before Friday, October 24, 2008.

FURTHER, that oral argument on Defendant's Motion for Summary Judgment and to Preclude Plaintiffs' Expert (Docket No. 85) will be scheduled by separate order if deemed necessary.

FURTHER, that Plaintiffs' counsel is warned that his continued failure to comply with the Local Rules could result in additional sanctions.

SO ORDERED.

Dated:   September 30, 2008
            Buffalo, New York


                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge